(56 Misc. Rep. 460.)

BERNSTEIN et al. v. McCAHILL.

(Supreme Court, Appellate Term. November 29, 1907.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF DEBTOR—DISOBEDIENCE OF ORDER.

In a proceeding to punish a judgment debtor for contempt in failing to appear for examination in supplementary proceedings, evidence *held* insufficient to show disobedience of the order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1201.]

2. CONTEMPT—PUNISHMENT—INDEMNITY.

Under Code Civ. Proc. § 2284, providing for the imposition of a fine against a person in contempt to indemnify the aggrieved party for loss or injury, a fine cannot be imposed as indemnity only, without proof of actual loss or injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 260.]

Appeal from City Court of New York, Special Term.

Action by Benjamin Bernstein and Harry Bernstein against John W. McCahill. From an order adjudging defendant guilty of contempt, he appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Epstein Bros., for appellant.
Engel, Engel & Oppenheimer (Adolph Engel, of counsel), for re-
spondents.

ERLANGER, J.   The moving affidavits show that, after the debt-
or was partially examined, various adjournments were had at his re-
quest upon his promise to pay the judgment, and that, instead of ap-
pearing on the adjourned day, he fled from the jurisdiction of the
court.   The debtor in his answering affidavit alleges that he attended
at court at least six times for examination, and on each occasion the
proceedings were adjourned, but not at his request, as charged; that
he was examined at length and signed his deposition; that he re-
quested at the time that his examination be closed, and was informed
by Mr. Engel "that he had no further questions to ask," but desired
to adjourn the proceedings "for the purpose of examining other wit-
nesses"; that through his counsel the attorneys for the creditors were
informed that he would appear for examination at any time desig-
nated, but they refused further to proceed.   He denies that he fled
from the jurisdiction of the court, and showed that he was employed
by a company whose principal office was in Boston, Mass., where
he was obliged to go; that the creditors were transacting business
with his employer; that since June, 1905, he was in the city more
than a dozen times; and that one of the creditors had actually seen
him at work in the New York office of his employer, and could readily
have ascertained his whereabouts.   All these statements were un-
challenged, and must be assumed to be true.   The court fined the
debtor $200, to be paid within 30 days, and, when paid, to be "in full
satisfaction of the judgment, costs, and all proceedings herein."   If
the fine is not paid, a commitment is to issue.

No claim was made that the debtor violated the injunction contained
in the order first served upon him, nor is there in the record an atom
of proof to show that the creditors suffered "actual loss or injury"
because of the alleged misconduct.   The moving affidavit charges
"that the debtor by his own acts has impaired and impeded, preju-
diced, and defeated the rights and remedies" of the creditors; but
the record is examined in vain for any legal proof to support the
charge.   Under section 2284 of the Code the court upon proper evi-
dence may impose a fine by way of indemnity for the "actual loss or
injury established, and in addition a fine by way of punishment not
exceeding the sum of $250, besides costs and expenses."   The order
recites, following the language of the affidavit, that the rights of the
creditors have been "hindered, delayed, impaired, impeded, and preju-
diced"; but this is a mere conclusion, unsupported by competent evi-
dentiary facts.   It is apparent from the form of the order that the
fine was imposed by way of indemnity solely, and is therefore "de-
void of all legal foundation."   Fallbrook Coal Co. v. Hoecksher, 42
Hun, 534, 535.   As the fine upon the facts submitted was not imposed
by way of punishment, it cannot be reduced to meet the alleged offense
charged to have been committed.   Id.

But the question of a fine in this proceeding is hardly involved.
The debtor's defense shows that he was guilty of no misconduct.

whatsoever. He was ready at any time, subject to call on the part of the attorneys for the creditors to be examined, and, furthermore, he asserts that when he signed his deposition he was informed "that no further questions would be asked of him, and that the adjournment was taken for the purpose of examining witnesses." None of these facts was disputed. It is not apparent, therefore, under the circumstances, upon what theory a fine was imposed at all. The law has justly provided a means to assist creditors in the collection of their judgments from unwilling and at times unscrupulous debtors; but it has never sanctioned their punishment by the use of its process as a means to an end. Judgments are not to be collected by the imprisonment of debtors upon evidence such as was presented here; but, if by their conduct it is made to appear that the order of the court has been either disobeyed or defied, then the law should be invoked to punish the offenders.

The order must be reversed, with costs and disbursements. All concur.